**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

OSVALDO MANUEL LOPEZ-MILIAN,

      Petitioner,

v.                                                                No. 2:26-cv-00519-MLG-LF

DORA CASTRO, Warden of Otero County
Processing Center; et al.,

      Respondents.

---

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING
PETITIONER'S IMMEDIATE RELEASE, AND DENYING EMERGENCY MOTION
<u>FOR TEMPORARY RESTRAINING ORDER AS MOOT</u>**

Petitioner Osvaldo Manuel Lopez-Milian is a Cuban citizen who entered the United States without inspection in March 2022. Doc. 1 at 2; Doc. 6 at 2. On July 21, 2022, he was charged as inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and served with a Notice to Appear ("NTA") for immigration proceedings. Doc. 6 at 2. He later filed a Form I-485 with the United States Citizenship and Immigration Services ("USCIS") to adjust his immigration status to lawful permanent residency under the Cuban Adjustment Act ("CAA").[1] Doc. 1 at 2, 4-5 ¶¶ 12, 18. His application remains pending before the immigration court; in the interim, he has lived and worked in Florida and has "fully complied with all of his conditions" of release, including timely

---

[1] Lopez-Milian does not brief the Court on when he filed his Form I-485. *See* Doc. 1. Neither does the USAO. *See* Doc. 6. But the Court gathers that if he properly filed his Form I-485, Lopez-Milian had already been physically present in the United States for at least one year at the time of filing. *See Green Card for a Cuban Native or Citizen*, U.S. Citizenship & Immigr. Servs. (July 8, 2025), https://www.uscis.gov/green-card/green-card-eligibility/green-card-for-a-cuban-native-or-citizen [https://perma.cc/H4CM-F5DE] (listing Green Card eligibility requirements under the CAA, including one year of physical presence at the time of filing).

appearance for all immigration proceedings and avoiding any involvement with criminal activity. *Id.* at 4-5 ¶¶ 12, 14-16, 18.

On August 15, 2025, Immigration Judge ("IJ") Lourdes Martinez-Esquivel granted the Department of Homeland Security's ("DHS") motion to dismiss Lopez-Milian's removal proceedings. *See* Doc. 6-2. Immediately thereafter, Lopez-Milian "was [re]arrested for processing under 8 U.S.C. § 1225, Expedited Removal" and taken into U.S. Immigration & Customs Enforcement ("ICE") custody. Doc. 6 at 2. On February 4, 2026, an immigration court held it lacked jurisdiction to issue a bond, but, "if [it] were found to have jurisdiction, the court [would] find[] that Respondent is neither a danger to the community or a flight risk and would grant a bond in the amount of $5,000."[2] Doc. 1 at 5. He is currently being detained at Otero County Processing Center ("Otero") in Chaparral, New Mexico. Doc. 1 at 2.

Lopez-Milian files this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Doc. 1, challenging the lawfulness of his prolonged detention at Otero without opportunity for an individualized custody redetermination. Doc. 1 at 2. He claims these practices are in direct violation of the Fifth Amendment's Due Process Clause and 8 U.S.C. § 1231 of the Immigration and Nationality Act ("INA"). Doc. 1 at 12-14. Lopez-Milian's proposed remedy for these alleged constitutional harms is (1) immediate release, or, in the alternative, (2) "a constitutionally compliant bond hearing." *Id.* at 14. He also filed an Emergency Motion for Temporary Restraining Order, Doc. 8, asking for the same relief on the legal grounds presented in his Petition. *Compare* Doc. 1, *with* Doc. 8.

---

[2] The Government does not contest these assertions in its briefing. *See* Doc. 6.

The dispositive question presented by the Petition is whether Lopez-Milian's detention, as a noncitizen[3] who is already residing in the United States, is discretionary pursuant to 8 U.S.C. § 1226(a) or mandatory as provided for by § 1225(b)(2)(A).[4][5] The applicable statutory scheme dictates whether Lopez-Milian was entitled to an individualized bond hearing following his arrest by federal immigration authorities.

The Court has been presented with this same issue—as applied to similarly situated defendants—time and time again. And, as in those cases, the Court hereby finds § 1226(a) applies.[6] *See Cortez-Gonzales v. Noem*, 811 F. Supp. 3d 1287, 1295-98 (D.N.M. 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). This accords with binding Tenth Circuit precedent. *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *16 (10th

---

[3] This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

[4] *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

[5] Lopez-Milian alleges that his prolonged detention is a violation of 8 U.S.C. § 1231. That statutory framework governs post-removal-order detention and is inapplicable to the present case. *See Zadvydas v. Davis*, 533 U.S. 678, 688-89 (2001); *see also* Doc. 6 at 2 (describing Lopez-Milian as still in removal proceedings).

[6] This finding is further bolstered by Lopez-Milian having been released from immigration custody shortly after entry. *See* Doc. 1 at 10-11 ¶¶ 38-39, 42. The only exception to § 1225(b) and its mandatory-detention requirements is a grant of humanitarian or public benefit parole under § 1182(d)(5)(A). Lopez-Milian is not a recipient of humanitarian parole. *See* Doc. 6-2 at 2. Therefore, if Lopez-Milian was granted conditional release, and it was not under § 1182(d)(5)(4), it necessarily must have been pursuant to § 1226(a).

Cir. June 30, 2026) ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint— lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693. Given that § 1226(a) is controlling, Lopez-Milian is entitled—as a right—to the due process provided to him under that statute: an individualized bond hearing. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298; *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025). Lopez-Milian's continued detention without such review constitutes an ongoing violation of his right to due process. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298.

Federal courts are authorized to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief. *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012) (internal quotation marks omitted) (citing 28 U.S.C. § 2243); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ [of habeas corpus] is to secure release from illegal custody"); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice" (internal quotation marks omitted) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)); *Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (recognizing the district court's authority to remedy a § 1226(a) violation by providing a bond order or through immediate

release). Lopez-Milian has been deprived of liberty since August 2025 due to Respondents' violation of § 1226(a). The Court "acknowledges that release—whether immediate or otherwise on a bond hearing—may 'be a distinction without a difference.'" *Aguilar-Rodriguez v. Ladwig*, No. 2:26-cv-02168-TLP-tmp, 2026 WL 1266251, at *8 (W.D. Tenn. May 8, 2026) (citation modified) (quoting *Hernandez v. Ladwig*, No. 2:26-cv-02081-SHL-atc, 2026 WL 324020, at *9 (W.D. Tenn. Feb. 6, 2026)). "After all, the Government may at any time detain an illegally present noncitizen under § 1226(a), subject to a bond hearing, and thus it is not necessary for this Court to order one." *Hernandez*, 2026 WL 324020, at *9; *see also* § 1226(a). Given the ongoing violation of Lopez-Milian's due process rights, the remedy that justice requires in this matter is immediate release.[7] *See Hernandez,* 2026 WL 324020, at *9. Immediate release will address the lack of due process afforded to Lopez-Milian and restore him to the status quo prior to the violation of his Fifth Amendment rights. *See id.* at *8; *see also Sosa v. De Azbarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than remanding for a bond hearing). And an IJ has already made a factual finding that Lopez-Milian is neither a flight risk nor a danger to the community such that immediate release would be inappropriate. *See supra* note 2 and accompanying text.

Accordingly, the Court grants Lopez-Milian's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C, § 2241. Doc. 1. Respondents shall release Lopez-Milian—and notify his counsel of

---

[7] Respondents argue that to the extent the Court concludes Lopez-Milian's detention is governed by 1226(a), the appropriate habeas relief would be a prompt, individualized bond hearing rather than immediate release. Doc. 6 at 12-13. A bond hearing before an IJ under § 1226(a) occurs after a noncitizen has already been detained by DHS. § 1226(a)(1)-(2); 8 C.F.R.§ 236.1(d). This type of *post*-deprivation bond hearing therefore cannot remedy the harm caused by a loss of liberty resulting from insufficient *pre*-detention processes. *See Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1089 (N.D. Cal. 2025); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1323 (W.D. Wash. 2025).

such release—immediately. He shall be released with all identification documentation that he possessed on his person when detained by Respondents in August 2025, along with a copy of this Order.

If Respondents re-detain Lopez-Milian, they must provide him with a bond hearing before a neutral IJ pursuant to § 1226(a). Respondents are enjoined from pursuing Lopez-Milian's detention under 8 U.S.C. § 1225(b)(2)(A).

Respondents shall file a status report within three (3) days of this Order to certify compliance. The status report shall provide the date and location in which Lopez-Milian was released from custody.[8]

Now that Lopez-Milian's Petition has been adjudicated on the merits, the Court hereby denies his Emergency Motion for Temporary Restraining Order, Doc. 8, as moot.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[8] The Court will enter a final judgment upon receipt of the status report.